UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATASHA WHITE, | Civil Action No. 18-2453 (MCA) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER |
| ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al., | |
| Respondents. | |

This matter has been opened to the Court by Petitioner's filing of an "Application for Assignment of Counsel Pursuant to 18 U.S.C. Sec. 3006A(a)(2)(B). It appearing that:

The Court previously denied <u>without prejudice</u> Respondents' motion to dismiss the Petition as untimely and reserved judgment on the issue of equitable tolling. (ECF Nos. 5-7.) The Court directed Respondents to file a full and complete answer to the Petition within 45 days and provided Petitioner with 45 days within which to submit her reply.

On December 28, 2018, week after the Court denied without prejudice the motion to dismiss, Petitioner submitted the instant application for counsel. (ECF No. 8.) Respondents sought and received an extension of time within which to file the answer, and filed the answer on March 13, 2019. (ECF Nos. 13-14.) Petitioner has not submitted her reply.

There is no Sixth Amendment right to appointment of counsel in habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997) (noting no statutory or constitutional right of counsel conferred upon indigent civil litigants); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991) ("There is no

'automatic' constitutional right to counsel in federal habeas corpus proceedings."), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d). Nevertheless, under 18 U.S.C. § 3006A, courts may appoint counsel to habeas petitioners if they are "financially eligible" and if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *see also Thompson v. D'Ilio*, 2018 WL 6182431, at *2 (D.N.J., 2018).

In determining whether the interests of justice require appointment of counsel, the Court considers whether the petitioner has presented a meritorious claim. *See Biggins v. Snyder*, Civ. No. 99-188, 2001 WL 125337, at *3 (D. Del. Feb. 8, 2001) (citing *Reese v. Fulcomer*, 946 F.2d 247, 263-64) (3d Cir. 1991) (other citations omitted)). Next, the Court must determine whether the appointment of counsel will benefit both the petitioner and the Court by examining the legal complexity of the case and the petitioner's ability to present his claims and investigate facts. *See Biggins*, 2001 WL 125337, at *3 (citing *Reese*, 946 F.2d at 264; *Parham*, 126 F.3d at 457-58; *Tabron v. Grace*, 6 F.3d 147, 155-56 (3d Cir. 1993)) (other citations omitted). "Where these issues are straightforward and capable of resolution on the record, or when the petitioner has a good understanding of the issues and the ability to present forcefully and coherently h[er] contentions, the court would not abuse its discretion in declining to appoint counsel." *Biggins*, 2001 WL 125337, at *3 (citations and internal quotation marks omitted).

The Court notes that Petitioner paid the $5.00 filing fee and has not submitted an affidavit of poverty pursuant to L. Civ. R. 81.2(b). As such, she has not established that she is financially eligible for purposes of appointment of counsel under 18 U.S.C. § 3006A(a)(2)(B).

Even if Petitioner could establish her financial eligibility, the Court is not convinced that appointment of counsel is warranted at this time. In her motion for counsel, Petitioner appears to argue that the dispute over whether the Petition is untimely is complex and warrants appointment

2

of counsel. (*See* ECF No. 8, Motion at 1-2.) The Court disagrees. In the Court's prior Order denying without prejudice the motion to dismiss the Petition as untimely, the Court stated that "Petitioner in her Reply should provide any additional facts regarding her efforts to discover whether her petition for certification [affirming the Appellate Division's denial of PCR] had been ruled upon by the New Jersey Supreme Court." (See ECF No. 7.) These are facts within Petitioner's knowledge, and it is not clear how an attorney would assist Petitioner in explaining her efforts, if any, to find out whether her petition for certification had been denied by the New Jersey Supreme Court. Thus, there appears to be no need for an attorney to investigate or conduct discovery as to whether Petitioner can establish equitable tolling. Furthermore, if the Court determines that a hearing is required on the issue of timeliness, it would *sua sponte* appoint counsel for Petitioner for the hearing.

Petitioner also states without elaboration that her claims have merit and that she lacks legal knowledge and training. (*See* ECF No. 8, Motion at 1-2.) Petitioner's motion does not address the merits or complexity of her specific claims for relief, and there is nothing to suggest that her claims cannot be decided on the record provided by Respondents.

The Court will therefore deny without prejudice the application for counsel. Any new application for appointment of counsel must provide facts showing that one or more of Petitioner's claims for relief have merit and provide facts regarding the complexity of her claims and her current ability to present those claims to the Court. The Court will also direct the Clerk of the Court send Petitioner the *in forma pauperis* application ("IFP application") for habeas cases, i.e., DNJ-Pro Se-007-B-(Rev. 09/09). If Petitioner submits a new application for appointment of counsel, she shall submit the completed IFP application with her application for counsel.

Finally, because Petitioner has not submitted her reply, the Court will provide Petitioner with 45 days within which to submit her reply to Respondents' answer. If Petitioner fails to submit a reply or otherwise respond to this Memorandum and Order, the Court may decide the matter on the record provided.

**IT IS THEREFORE**, on this ____ day of July, 2019,

**ORDERED** that the application for appointment of counsel is denied **WITHOUT PREJUDICE** for the reasons explained in this Memorandum and Order; and it is further

**ORDERED** that the Clerk of the Court shall send Petitioner the *in forma pauperis* application for habeas cases, i.e., DNJ-Pro Se-007-B-(Rev. 09/09); and it is further

**ORDERED** that if Petitioner submits a new application for appointment of counsel, she shall submit a completed IFP application; she shall also provide facts showing that one or more of her claims for relief have merit and provide facts regarding the complexity of her claims and her current ability to present those claims to the Court; and it is further

**ORDERED** that Petitioner may submit a reply to Respondents' answer within 45 days of her receipt of this Memorandum and Order; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Petitioner at the address on file.

Madeline Cox Arleo, District Judge
United States District Court